FILED

2013 FEB -7 PM 3: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  W. Bruce Voss, Esq. (SBN 064691)
   Voss & Johnson
2  17780 Fitch, Suite 100
   Irvine, CA 92614
3  Telephone: (949) 300-1819
   Facsimile: (949) 428-8611
4  Email: bvoss@vossjohnsonlaw.com

5  Attorneys for Plaintiff
   Thomas Troiani

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11                                    SACV13 - 00219 JVS (RNBx)

12 THOMAS TROIANI, an individual,   ) Case No.:
                                    )
13           Plaintiff,             ) COMPLAINT FOR:
                                    ) 1. Rescission under Securities Act § 12
14      vs.                         ) (a)(1)
                                    ) 2. Rescission under Securities Act § 12
15 FLOBRIDGE MICROLOAN COMPANY, LLC,) (a)(2)
   a Utah limited liability company;) 3. Liability under Securities Act § 15
16 WESTERN CREDIT SERVICE COMPANY, a) 4. Securities Fraud under Securities Act
   Utah limited liability company;  ) § 17(a)
17 CHAD JARDINE, an individual;      ) 5. Securities Fraud under 10b-5
   FLOBRIDGE GROUP, a Utah limited   ) 6. RICO Violations
18 liability company; CASH CLOUD, a  ) 7. Common Law Intentional
   Utah limited liability company;   ) Misrepresentation
19 BLAKE COLLINS, an individual; PHIL) 8. Common Law Negligent
   POLICH, an individual; CATHARINE  ) Misrepresentation
20 SOO LOQUET, an individual, JEFF   ) 9. Liability under doctrine of
   SMITH, an individual; ACCELERATED ) Respondeat Superior
21 CAPITAL GROUP, a California        ) 10. Liability under Cal Corp Code 25402
   corporation; and Does 1 - 100,    ) and 25501
22 inclusive,                        ) 11. Liability under Cal Corp Code 25504
                                    ) 12. Liability under Cal Corp Code
23           Defendants.             ) 25504.1
                                    ) 13. Breach of Contract
24                                  ) 14. Breach of Contract -Alter Ego
                                    ) 15. Constructive Trust
25                                  )
                                    )
26                                  )
                                    )
27                                  )
                                    ) DEMAND FOR JURY TRIAL
28 _____ )

                          1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff, Thomas Troiani ("Troiani"), in his complaint against the above named defendants alleges:

### Jurisdiction and Venue

1.   This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 because this complaint alleges violations of the Securities and Exchange Acts of 1933 and 1934 and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2.   Moreover, this court has supplemental jurisdiction over the state actions alleged in this complaint pursuant to 28 U.S.C. §§ 1337 because those actions arose under the same transaction and occurrence as the federal claims.

3.   This Court has personal jurisdiction over all the defendants by virtue of their residence in the forum state or their substantial contacts within the state which this action takes place. Such contacts relate to and give rise the actions alleged in this complaint.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because the actions alleged in this complaint took place in this judicial district.

### Parties

5.   Plaintiff is an individual residing in Los Angeles County, California.

6.   Defendant, Flobridge Microloan Company ("FMC"), is a Utah limited liability company, with a principal place of business in Springville, Utah. FMC purports to be a payday lender.

Complaint for Damages

7.    Defendant, Western Credit Services Company ("Western Credit"), is a Utah limited liability company, with a principal place of business in Springville, Utah. Western Credit purports to be a payday lender and plaintiff is informed and believes and thereupon alleges that Western Credit is the parent company and/or manager of several other entities that purport to be payday lenders.

8.    Defendant, Flobridge Group ("Flobridge"), is a Utah limited liability company, with a principal place of business in Springville, Utah. Plaintiff is informed and believes and thereupon alleges that Western Credit is the parent company and or manager Flobridge.

9.    Defendant, Cash Cloud ("Cash Cloud"), is a Utah limited liability company, with a principal place of business in Springville, Utah. Plaintiff is informed and believes that Western Credit is the parent company and or manager Cash Cloud.

10.    Defendant, Chad Jardine ("Jardine"), an individual, is and was at all relevant times an owner, manager, and Chief Executive Officer of FMC and is also an owner and the Chief Executive Officer of Western Credit. Plaintiff is informed and believes and thereupon alleges that Jardine is a resident of the State of Utah.

11.    Defendant, Blake Collins ("Collins"), an individual, is and was at all relevant times the President and Chief Operating Officer of FMC and is the President and Chief Operating Officer of Western Credit. Plaintiff is informed and believes and thereupon alleges that plaintiff is also a shareholder of both FMC and Western Credit. Plaintiff is

3

1   informed and believes and thereupon alleges that Collins is a
2   resident of the State of Utah.

3       12.   Plaintiff is informed and believes and thereupon
4   alleges that Defendant, Phil Polich ("Polich"), an individual,
5   is an investor in Western Capital and FMC and that he is a
6   partner of Jardine and Collins. Plaintiff is further informed
7   and believes and thereupon alleges that Polich resides in the
8   State of Arizona.

9       13.   Defendant, Catherine Soo Loquet ("Loquet"), is an
10  individual residing in the State of California. Loquet is a
11  licensed securities broker and was employed by the brokerage
12  firm Accelerated Capital Group, located in Irvine, California.

13      14.   Defendant, Jeff Smith ("Smith"), is an individual
14  residing in the State of California. Smith is the Managing
15  Director and Chief Compliance Officer of Accelerated Capital
16  Group located in Irvine, California.

17      15.   Defendant, Accelerated Capital Group ("ACG"), is a
18  brokerage firm located in Irvine California.

19      16.   The true names and capacities, whether individual,
20  corporate, or otherwise, of defendants sued as DOES 1 though
21  100, inclusive, are unknown to the plaintiff who therefore sues
22  them by such fictitious names. At such time as their true names
23  and capacities have been ascertained, plaintiff will seek leave
24  of court to amend this complaint accordingly. On information and
25  belief, plaintiff alleges that each fictitiously named defendant
26  was the agent, representative, or employee of each of the other
27  defendants and was acting at all times within the scope of his
28  or her agency or representative capacity with the knowledge and

Complaint for Damages

consent of the other defendants and that each of the
fictitiously named defendants are liable to plaintiff in
connection with one or more of the claims sued upon herein and
are responsible in some manner for the wrongful acts and conduct
alleged herein.

### Facts Common to all Claims

17.   About December 2011, Loquet, who had had a prior
business relationship with the Plaintiff, recommended a new
investment opportunity to the Plaintiff. This opportunity was
for the purchase of securities sold by Defendant Western Credit.

18.   In or about December 2011, Plaintiff, at the
invitation of Loquet, attended a dinner that had the sole
purpose of introducing the guests (of which there were
approximately 12) to the investment opportunity offered by
Western Credit.

19.   At the dinner meeting, which was hosted by ACG,
Loquet's employer, Loquet introduced Jardine who gave a
presentation on the investment opportunity offered by Western
Credit. According to Jardine, the investment would fund payday
loans which had a short term and high interest rate. Moreover,
the funds would be used solely for the purpose of lending and
would not be allocated to the operation of the company.

20.   The investor did not purchase stock or equity in the
company, but rather made a loan secured by a promissory note
executed by FloBridge. The terms of the promissory note provided
for the repayment of the loan at an interest rate of 24 percent.

21.   Jardine stated if the company was forced to close for
economic or other reasons the investments were still protected

Complaint for Damages

1  because the loans could be collected within two weeks, the
2  period of time required to collect on the outstanding loans.

3      22.  At the meeting Plaintiff was not provided with a
4  Private Purchase Memorandum ("PPM") or any of Western Credit's
5  financial information. However, there were other investors,
6  namely Polich, who promote the merits of the investment.

7      23.  Subsequent to the dinner meeting, Plaintiff and Loquet
8  further discussed the investment opportunity. Plaintiff notified
9  Loquet of his concern that he was unable to partake in the
10 investment because he did not qualify as an accredited investor.
11 To decide whether Plaintiff was accredited, Loquet requested and
12 plaintiff produced copies of his financial records.

13     24.  On or about January 15, at the direction of his
14 broker, Loquet, Plaintiff agreed to invest in Western Credit.
15 Furthermore, in Smith's office at ACG, Loquet and Smith directed
16 Plaintiff to execute a document stating that he was qualified to
17 invest in Western Credit despite Plaintiff's concerns to the
18 contrary.

19     25.  Contrary to the advice and opinion of his advisers,
20 Loquet and Smith, Plaintiff did not qualify at the time of
21 investment as an accredited investor because he did not have a
22 net worth of $1 million or have an annual salary in excess of $2
23 hundred thousand.

24     26.  Furthermore, at the direction of Loquet and Smith,
25 Plaintiff executed the investment agreement that provided for
26 investment of $25,000 with FMC, not Western Credit. When
27 Plaintiff questioned the change in entity, Loquet and Smith
28 stated that FMC was the parent company of Western Credit.

Complaint for Damages

27.   Plaintiff is informed and believes and thereupon alleges that Loquet and Smith's contention, whether intentional or negligent, were false and that FMC is not an owner of Western Credit.

28.   Subsequent to the execution of the investment documents Loquet and Smith provided Plaintiff with FMC's March 31, 2010 PPM. The PPM did not state that FMC is an owner or parent company of any entity and it did not contain any financial records of FMC.

29.   In or about February 2012, plaintiff received a promissory note executed by Jardine on behalf of FMC that provided for repayment of his investment at 24%.

30.   When Plaintiff received his first payment under the note, in or about June of 2012, the amount was wrong based on an alleged accounting mistake by FMC. Several payments were received prior to FMC's fixing the error despite inquires by Plaintiff.

31.   Contemporaneously with these accounting issues, Plaintiff learned from Loquet and Smith that FMC was having difficulty attracting lenders at the promised interest and that it was considering decreasing the interest paid on its various notes to avoid appearing too good to be true.

32.   In July 2012, Plaintiff received a notice from FMC stating that it is no longer able to maintain interest payments at the promised rate and the rates will be reduced. This letter stated:

"The [FMC] loan portfolio is over two years old. It has paid over $585 thousand in interest payments to investors.

7

Complaint for Damages

It has borne the cost of many startup events, legal
challenges, development costs, etc…. We have determined
that various startup costs including our consistent payment
of interest have been eroding the underlying asset – the
number of loans in the portfolio – upon which we depend for
making payments in the future."

33.  Other remedial actions alleged in the letter include
spreading management salaries over three other companies,
funding loans under a newly launched "tribal model" (referring
to a business model providing payday loans to Native American
Tribes), and attempting to produce more investment loans at
lower interest rates.

34.  The letter continues to state that the company had
generated a positive Earnings Before Interest and Taxes ("EBIT")
in 11 of 12 months of 2011 but that it only showed a profit in
one month of 2011.

35.  Plaintiff is informed and believes and thereupon
alleges that the new tribal model referred to in the letter is
Defendant Cloud Cash.

36.  Based on the structure of the various entities,
including FMC and Western Credit, and the marketing and business
practices of the owners and managers Plaintiff believes that
these entities are nothing more than a fraudulent scheme
designed to lure in investors with the promise of high returns
then transfer the funds around to various entities, all of which
are owned by Jardine and Collins, for personal profit while not
paying the investors.

8

## First Cause of Action

### (Rescission of Agreement under 12(a)(1) of the Securities Act against all defendants)

37. Plaintiff re-alleges paragraphs 1-36.

38. The Securities and Exchange Act of 1933 requires a registration and filing in connection with the offer and sale of securities unless an exemption applies.

39. To avoid registration, FMC attempted to assert the application of Regulation D 506 which exempts from registration a private offering made to an unlimited number of accredited investors and not more than 35 unaccredited investors. Compliance with this exception requires that an unaccredited investor be given financial records of the offering company to facilitate the investor's informed decision making.

40. Plaintiff is not an accredited investor.

41. When FMC/Western Capital offered the sale of securities at the dinner party attended by Plaintiff, FMC did not provide Plaintiff with the required disclosures.

42. Moreover, when Plaintiff executed the agreement in the offices of ACG he was also not provided with sufficient information regarding FMC.

43. Defendants knew or should have known that Plaintiff was not an accredited investor.

44. By offering and selling securities to Plaintiff without providing him with sufficient information, Defendants failed to comply with the requirements for exemption under Regulation D and therefore defendants are liable for rescission

Complaint for Damages

of the agreement plus interest according to Section 12(a(1). 15
U.S.C. 77l(a)(1).

## Second Cause of Action

### (Rescission of Agreement under 12(a)(2) of the Securities Act against all defendants)

45.   Plaintiff re-alleges paragraphs 1-43.

46.   Defendants offered to sell securities to Plaintiff when they offered and then sold him FMC's promissory note.

47.   This sale was done through interstate commerce because telephones, emails and other communication devices were employed in making the offer and Jardine, Collins and Polich traveled to California to make the offer.

48.   Furthermore the offer to sell securities was made orally by the defendants both at the dinner meeting and at the office of ACG.

49.   The offers made to Plaintiff contained the following material misrepresentations, among others:

      a. The original offer was made to Plaintiff using the name Western Credit despite defendants' intention that the transacting entity be FMC;

      b. The unsuccessful financial position of FMC was not disclosed to Plaintiff even though the twelve months prior to the offer the FMC had only shown a profit once;

      c. The statement that FMC was the parent company of Western Credit.

50.   These statements were material misrepresentations or omissions which, had Plaintiff known the truth, he would not have purchased the securities.

51.   Therefore, because the defendants made material misrepresentations when making the offers to the Plaintiff the sale should be rescinded under Section 12(b)(2). 15 U.S.C. 77l(a)(2).

### Third Cause of Action

### (Section 15 Controller Liability against Smith, ACG, and Does 1-100)

52.   Plaintiff re-alleges paragraphs 1 though 51.

53.   Both Smith and ACG are jointly and severally liable for the above violations of Section 12(a) because they had control over Loquet at the time of the improper and fraudulent actions.

54.   Plaintiff is informed and believes and thereupon alleges that Loquet is and was at all relevant times an employee and broker for ACG and directly under Smith who is the Manger and Compliance Officer.

55.   Moreover, a significant portion of the fraud herein alleged took place in the presence or knowledge of Smith and in the offices of ACG.

56.   Therefore, Smith and ACG are jointly and severally liable for the above 12(a) violations of Loquet based on Section 15 because they have control over Loquet. 15 U.S.C. 77l(o).

### Fourth Cause of Action

### (Section 17(a) Fraud against all defendants)

57.   Plaintiff re-alleges paragraphs 1 through 56.

Complaint for Damages

58.    Defendants offered and sold securities to Plaintiff by means of interstate commerce in that phones, email, mail, and interstate travel were all used when making the offer and consummating the transaction with the plaintiff.

59.    Defendants' actions employed a scheme to defraud when they held meetings, published advertising and offered investments under the name of one entity, Western Credit, only to switch it with FMC that is not part of the corporate structure of the original entity. Moreover, defendants in constructing an investment opportunity that, like a "Ponzi" scheme, only creates the appearance of being able to pay off investors employed a scheme to defraud. Employing this scheme to defraud was done intentionally, with scienter as is evident by the "bait and switch" tactics used with the entities.

60.    The defendants also obtained money by untrue statements and omissions of material facts by securing the Plaintiff's agreement to the transaction while making the above discussed and herein incorporated material misstatements and omissions.

61.    Finally, defendants engaged in a business that operates to produce a fraud on the defendant by creating an investment scheme which was in itself a fraud and by inducing investments without notifying the investors that the companies were not operating successfully.

62.    Therefore, the defendants are liable under Section 17(a) for their unlawful offers and sale.

### Fifth Cause of Action

**(Violation of Rule 10b-5 against all defendants)**

12

63.   Plaintiff re-alleges paragraphs 1 though 62.

64.   As previously alleged, defendants offered and sold Plaintiff securities through interstate commerce.

65.   These actions were done as part of a scheme to defraud Plaintiff by claiming to be a legitimate investment.

66.   By their actions, Defendants obtained money from Plaintiff based on previously alleged untrue facts and material omissions.

67.   The Defendants engaged in business that operated as a fraud on the defendant as previously alleged.

68.   Finally, the Defendants acted in the above manner intentionally as can be seen from the "bait and switch" tactics regarding the company's identity and the failure to disclose company losses.

69.   Therefore, the defendants are liable under 12b-5.

## Sixth Cause of Action

### (RICO violations against all defendants)

70.   Plaintiff re-alleges paragraphs 1 through 69.

71.   Defendants' actions, designed to defraud plaintiff out of $25,000, took place over the course of several months and employed the United States Postal Service to perpetrate their fraudulent scheme. To induce plaintiff to invest funds plaintiff mailed him a promissory note as a security to repay his investment even though Defendants structured their various entities in a way that made actual profits an illusion.

72.   Defendants knowingly participated in this scheme to defraud Plaintiff because as owners and brokers they all made significant sums of money off the investment of Plaintiff's

13

money. In particular, Jardine and Collins as the managers designed the entities that allowed the fraud to take place.

73.   Polich, an early investor in the scheme, required new investors to continue putting more funds into the entity in order for him to become a winning investor under the scheme to the detriment of the later investors who would never see a profit.

74.   Loquet, Smith and ACG both made substantial commissions from the investments they recommended and sold to their clients but also needed to seek out more investors to continue funding the scheme and keep the appearance of success.

75.   Defendants perpetrated the above acts of racketeering for at least the 2 years that FMC was in operation.

76.   Defendants' agreed to conspire to perpetrate the above acts by hosting dinner meetings designed to induce investors. Defendants also agreed to perpetrate the above fraudulent actions by designing the scheme and inducing investors to keep the appearance of profitability.

77.   Defendants' action affected interstate commerce because they designed a multi state scheme based out of Utah that dealt in payday loans. Also their actions induced plaintiff to invest in their scheme rather than a legitimate business.

78.   Therefore, because this pattern of fraudulent conduct Defendants are liable for RICO violations. 18 U.S.C. 1961-1968.

## Seventh Cause of Action

### (Intentional Misrepresentation against all defendants)

79.   Plaintiff re-alleges paragraphs 1 through 78.

80.    Defendants made the following misrepresentations to Plaintiff, among others:

    a. Western Credit was the entity in which Plaintiff would be investing;

    b. The company in which plaintiff was investing was financially sound;

    c. FMC was the parent company of Western Credit;

    d. FMC was financially able to pay Plaintiff the interest promised on the note.

81.    As previously alleged, the representations made by the Defendants were false.

82.    When the Defendants made these representations, they knew them to be false and made these representations with the intention to deceive and defraud the Plaintiff and to induce the Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the Plaintiff would so act.

83.    The Plaintiff, at the time these representations were made by the Defendants and at the time the Plaintiff took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, the Plaintiff was induced to and did cease his attempts to take further actions. Had the Plaintiff known the actual facts, he would not have taken such action. The Plaintiff's reliance on the Defendants' representations was justified because the statements were made by persons with apparent authority and knowledge about the procedures and requirements for placing a membership on hold.

84.  As a proximate result of the fraudulent conduct of the Defendant(s) as herein alleged, Plaintiff was defrauded out of $25,000 and has lost significant investment opportunities with those funds.

85.  The aforementioned conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## Eighth Cause of Action

### (Negligent Misrepresentation against all defendants)

86.  Plaintiff re-alleges paragraphs 1 though 85.

87.  Defendants made the following misrepresentations to Plaintiff, among others:

  a. Western Credit was the entity in which Plaintiff would be investing;

  b. The company in which plaintiff was investing was financially sound;

  c. FMC was the parent company of Western Credit;

  d. That FMC was financially able to pay Plaintiff the interest promised on the note.

88.  As previously alleged, the representations made by the Defendants were false.

16

89.   When the Defendants made these representations, it had no reasonable ground for believing them to be true in that the Brokers failed to conduct due diligence into the investment they were offering and they failed to ensure certified financial personnel had reviewed and audited FMC's financial records prior to making an offering.

90.   The Defendants made these representations with the intention of inducing the Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the Plaintiff would so act.

91.   The Plaintiff, at the time these representations were made by the Defendants and at the time the Plaintiff took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, the Plaintiff was induced to invest $25,000 in FMC. Had the Plaintiff known the actual facts, he would not have taken such action. The Plaintiff's reliance on the Defendant's representations was justified because the statements were made by persons with apparent authority to speak about the offering and by his licensed broker.

92.   As a proximate result of the fraudulent conduct of the Defendants as herein alleged, the Plaintiff was deprived of $25,000 and the ability to invest those funds.

93.   The aforementioned conduct of the Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was

Complaint for Damages

1  despicable conduct that subjected the Plaintiff to a cruel and
2  unjust hardship in conscious disregard of the Plaintiff's
3  rights, so as to justify an award of exemplary and punitive
4  damages.

5              Ninth Cause of Action
6  (Liability under Respondeat Superior against ACG and Does 1-100)
7       94.  Plaintiff re-alleges paragraphs 1 through 93.
8       95.  Defendants Loquet and Smith are employees and agents
9  of ACG. The former is a broker for ACG and the later is the
10 manager and compliance officer.
11      96.  The actions of Loquet and Smith alleged above took
12 place in the scope of their employment with ACG in that the
13 actions were done selling securities for the benefit of ACG and
14 in the offices of ACG.
15      97.  Therefore, ACG is liable under the doctrine of
16 Respondeat Superior.

17            Tenth Cause of Action
18       (Liability Cal. Corp. Code 25401 and 25501
19              against all defendants)
20      98.  Plaintiff re-incorporates paragraphs 1 though 97.
21      99.  Defendants offered and sold Plaintiff securities in
22 the State of California when they held one or more meetings in
23 California describing and offering the investment opportunity to
24 the Plaintiff and when they actually sold the plaintiff the
25 securities in California.
26      100. Moreover, as alleged above, defendants made oral
27 misrepresentations regarding the identity of the entities, their
28 financial conditions, their ability to pay a return on the

Complaint for Damages

investment, etc. Moreover, the offer and sale failed to state the fact that the company had not made a profit in 11 of the 12 months of 2011.

101. At the time of the offer and sale of the securities Plaintiff was unaware of the above misrepresentations and omissions and exercised reasonable care by listing to the advice of his financial advisers.

102. Therefore, the contract should be rescinded under section 25501 and Defendants should pay the sum invested plus interest.

## Eleventh Cause of Action

### (Liability under Cal. Corp. Code 25504 against Smith, ACG and Does 1-100)

103. Plaintiff re-alleges paragraphs 1 though 102.

104. Defendants Smith and ACG have control over the actions of Loquet in that the former is her supervisor and the compliance officer of the ACG and the latter is Loquet's employer.

105. As alleged above, Loquet and Smith have violated Corporations Code section 22501 when they offered and sold securities to Plaintiff based on fraudulent misrepresentations regarding the identities of the entities, those entities profitability, and that plaintiff was an accredited investor.

106. As a result of defendants Smith and ACG's control over Loquet they are jointly and severally liable for the plaintiff's damages.

107. Moreover, Smith and ACG did have knowledge or should have reasonably known of the actions of Loquet and Smith alleged

19

herein because Smith was the Compliance Officer of ACG who is charged with knowing and ensuring his employees act in compliance with the securities laws and he actually attended meetings with Loquet and the Plaintiff.

108. Moreover, ACG knew or should have known the above actions because they took place at its offices, with its officers, and for its benefit.

## Twelfth Cause of Action

### (Violations of 25504.1 against all Collins, Polich and Does 1-100)

109. Plaintiff re-alleges paragraphs 1 through 107.

110. As previously alleged, defendants FMC, Western Credit, and Jardine have committed violations of Corporations Code section 25401.

111. Collins and Polich materially assisted in the above violations in that Collins was an officer of FMC and Western Credit and assisted in the formations of the fraudulent entities and he assisted in raising capital for said entities. Polich materially assisted in the above violations by traveling with Jardine and assisting him in making the offer to Plaintiff.

112. Collins and Polich had the intent to commit fraud based on their position to financially benefit from "luring" in more investors.

113. Therefore, Collins and Polich are jointly and severally liable for the violations of the other defendants.

## Thirteenth Cause of Action

### (Breach of Contract against FMC and Does 1-100)

114. Plaintiff re-alleges paragraphs 1 though 113.

115. In or about January 2012, in Irvine, Orange County, California, Plaintiff and FMC entered into a written agreement for the purchase of securities for the price of $25,000. The securities bargained for were a promissory note that provided for the repayment of the above sum at a rate of 24%. The promissory note was executed on February 8, 2012 by FMC though its owner and manager Jardine.

116. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract.

117. In or about March 2012, Plaintiff requested that FMC perform its obligations under the contract by notifying Jardine that the appropriate interest payment was not being made.

118. In or about July 2012, Plaintiff received a letter stating that FMC was unable to pay the interest rate promised and that he would be receiving a reduced payment.

119. Plaintiff never received a full payment under the contract or promissory note.

120. The failure of FMC to make the required payments as provided for in the promissory note constitutes a breach of the contract entered into between Plaintiff and FMC.

121. As a result of FMC's breach of the contract, Plaintiff has lost $25,000 plus interest and the ability to invest that money in other sources.

### Fourteenth Cause of Action

**(Breach of Contract against Jardine, Western Credit, Collins, Flobridge Group, Cash Cloud and Does 1-100)**

122. Plaintiff re-alleges paragraphs 1-121.

21

123. Jardine, Western Credit and Collins created FMC for the purpose of perpetrating fraud upon potential investors. Jardine and Collins, the officers of both Western Credit and FMC, offered contracts for the sale of securities of Western Credit. However, when the Plaintiff proceeded to enter in the contract for the above sale the Defendants switched the entity from Western Credit, a parent company with significant assets, to FMC a corporate entity with less assets and that was struggling financially. The defendants took these actions without providing any information about FMC's finances.

124. Moreover, FMC, Western Credit, Flobridge Group, Cash Cloud are all so interconnected that they are actually one entity designed to defraud investors. All the entities have the same owners and operators.

125. "Subscription agreements" between the entities allow the owners to siphon investor funds from FMC to other entities for profit of Jardine and Collins.

126. Moreover, the manner in which the entities were operated was as though they were a single company. The letter notifying Plaintiff of the decreased interest payments stated that the salaries of the management "are already spread…across three other companies and only a fraction is borne by [FMC]" showing that the operating costs could be funneled though any of the entities.

127. The letter also stated that management has "[b]egun funding more loans under the newly launched Native American tribal model, which is expected to generate higher returns." Plaintiff is informed and believes and thereupon alleges that

22

1   the tribal model referred to in the letter is Cash Cloud, a
2   subsidiary of Western Credit, which is not owned or operated by
3   FMC. The willingness to pay investors with earnings generated by
4   Cash Cloud demonstrates that the companies were actually a
5   single entity.

6       128. Finally, even in their communications with investors,
7   Defendants would use a Western Credit email address even when
8   discussing FMC.

9       129. FMC, Western Credit, and its subsidiaries make up an
10  interconnected web of entities designed to take funds from
11  investors in FMC and transfer those funds to other entities for
12  the financial gain of Jardine and Collins.

13      130. The nature of these defendants' actions necessities
14  piercing the corporate veil as a means to avoid the fraud and
15  injustice perpetrated by the defendants.

16                **Fifteenth Cause of Action**
17  **(Constructive Trust against FMC, Western Credit, Jardine,**
18                  **Collins and Does 1-100)**

19      131. Plaintiff re-alleges paragraphs 1 through 130.

20      132. Defendants engaged in fraudulent acts in violation of
21  federal and state law with the purpose of inducing plaintiff to
22  invest funds into FMC.

23      133. As a result of these above alleged acts, Plaintiff
24  invested $25,000 into FMC.

25      134. The continued possession of these funds is wrongful
26  and fraudulent. Therefore, plaintiff has a right to a
27  constructive trust over his funds held by defendants.

28

                                        23

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against the defendants as follows:

A. Awarding Plaintiff recession of the securities agreement;

B. Awarding Plaintiff compensatory damages arising from the defendants fraudulent actions;

C. Awarding Plaintiff treble damages for RICO violations;

D. Awarding Plaintiff attorney fees for RICO violations;

E. Awarding Plaintiff punitive damages as a result of the Defendants' fraudulent actions;

F. Awarding Plaintiff the statutory interest accruing under federal and state securities laws;

G. Awarding Plaintiff contract damages resulting from defendants Breach of Contract;

H. Awarding Plaintiff a constructive trust;

I. Awarding Plaintiff further damages according to proof, including interest;

J. Awarding Plaintiff his costs and fees;

K. Awarding Plaintiff such other and further relief as is just and proper.

L. Plaintiff demands trial by jury.

Respectfully submitted,

Voss and Johnson,
Lawyers

Dated: 02/07/13

By: _W. B. Voss_
W. Bruce Voss
Attorney for Plaintiff
Thomas Troiani

24

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Troiani, Thomas C. | **DEFENDANTS**<br>Flobridge Microloan Company, LLC; Western Credit Service Company, LLC;<br>Jardine, Chad: Flobridge Group, LLC; Cash Cloud, LLC; Collins, Blake; Polich,<br>Phil; Loquet, Catharine S.; Smith, Jeff; Accelerated Capital Group, Corp. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>Voss, William B. | Attorneys (If Known)<br><br>Lebrechet, Brian A.<br>406 W. South Jordan Parkway, Suite 160 South Jordan, UT  84095<br>(801) 983-4948<br>Counsel for Accelerated Capital Group and Smith |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S.<br>Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship<br>of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place<br>of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original<br>Proceeding    ☐ 2 Removed from<br>State Court    ☐ 3 Remanded from<br>Appellate Court    ☐ 4 Reinstated or<br>Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-<br>District<br>Litigation    ☐ 7 Appeal to District<br>Judge from<br>Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** 25,000.00 plus interest

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)<br>Violations of both the 1933 and 1934 Securities Acts; Violation of 18 U.S.C. 1961-1968; related state actions for Securities Fraud, Common law fraud, breach of contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL<br>PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | Product Liability | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | **BANKRUPTCY** | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | ☐ 423 Withdrawal 28 | **FORFEITURE /** | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | USC 157 | **PENALTY** | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | **CIVIL RIGHTS** | ☐ 610 Agriculture | Security Act |
| ☑ 850 Securities/Commodities/ | ☐ 153 Recovery of | Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | **PROPERTY RIGHTS** |
| Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | mmodations | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | ☐ 444 Welfare | Property 21 USC | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | Disabilities - | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | Injury Product | ☐ 446 American with | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | Disabilities - | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | Other | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization | ☐ 440 Other Civil | ☐ 690 Other | **FEDERAL TAX SUITS** |
| nation Under Equal | ☐ 240 Torts to Land | Application | Rights | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- | | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | Alien Detainee | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | ☐ 465 Other Immigration | | | USC 7609 |
| | | Actions | | | |

## SACV13 - 00219 JVS (RNBx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Accelerated Capital Group - Orange County<br>Smith, Jeff - Orange County<br>Loquet, Catherine S. - Orange County | Flobridge Microloan Company; Western Credit Service Company; Flobridge Group; Cash Cloud; Collins, Blake; and Jardine, Chad all reside in Utah<br>Polich, Phil resides in Arizona |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _W Bloss_      Date 2 - 7 - 13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

W. Bruce Voss (SBN 64691)
17780 Fitch, Suite 100
Irvine, CA 92614
Telephone: (949) 300-1819

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TROIANI, an individual, | CASE NUMBER |
| PLAINTIFF(S) | SACV13 - 00219 JVS (RNBx) |
| v. | |
| FLOBRIDGE MICROLOAN COMPANY, LLC, a Utah limited liability company; *See Attached for Additional Defendants* | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _W. Bruce Voss_____, whose address is _17780 Fitch, Suite 100, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB - 7 2013 _____

By: _____DODJIE LAGMAN_____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

W. Bruce Voss, Esq. (SBN 064691)
Voss & Johnson
17780 Fitch, Suite 100
Irvine, CA 92614
Telephone: (949) 300-1819
Facsimile: (949) 428-8611
Email: bvoss@vossjohnsonlaw.com

Attorneys for Plaintiff
Thomas Troiani


## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| THOMAS TROIANI, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR:<br>1. Rescission under Securities Act § 12 (a)(<br>2. Rescission under Securities Act § 12 (a)(<br>3. Liability under Securities Act § 15 |
| vs. | 4. Securities Fraud under Securities Act § 17(a) |
| FLOBRIDGE MICROLOAN COMPANY, LLC, a Utah limited liability company; WESTERN CREDIT SERVICE COMPANY, a Utah limited liability company; CHAD JARDINE, an individual; FLOBRIDGE GROUP, a Utah limited liability company; CASH CLOUD, a Utah limited liability company; BLAKE COLLINS, an individual; PHIL POLICH, an individual; CATHARINE SOO LOQUET, an individual; JEFF SMITH, an individual; ACCELERATED CAPITAL GROUP, a California corporation; and Does 1 – 100, inclusive,<br><br>Defendants. | 5. Securities Fraud under 10b-5<br>6. RICO Violations<br>7. Common Law Intentional Misrepresentation<br>8. Common Law Negligent Misrepresentation<br>9. Liability under doctrine of Respondeat Superior<br>10. Liability under Cal Corp Code 25402 and 25501<br>11. Liability under Cal Corp Code 25504<br>12. Liability under Cal Corp Code 25504.1<br>13. Breach of Contract<br>14. Breach of Contract –Alter Ego<br>15. Constructive Trust<br><br>DEMAND FOR JURY TRIAL |

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 219 JVS  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.